

# The Attorney General of Texas

September 20, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Henry Wade
District Attorney
6th Floor, Records Building
Dallas, Texas 75202

Opinion No. H-1246

Re: County law library branches.

Dear Mr. Wade:

You have asked if the Dallas County Commissioners Court may establish a branch of the Dallas County Law Library at a location within the City of Dallas other than the courthouse complex where the main library collection is housed. You also wish to know if such branches may be established within the county at locations outside Dallas, the county seat; and if county law library books might be loaned to other public libraries within the county.

Article 1702h authorizes counties to provide for county law libraries "which shall be established, maintained and operated at the county seat." Sec. 2.

In ordinary usage "county seat" refers not to the courthouse, but to the town where the courthouse is required to be established, public records are kept, courts hold their sessions, and public officers are required to reside and/or keep their offices. Pitts v. Camp County, 39 S.W.2d 608, 615 (Tex. 1931); Turner v. Tucker, 258 S.W. 149, 151 (Tex. 1924); Ralls v. Parish, 149 S.W. 810, 811 (Tex. Civ. App. — Amarillo 1912, no writ); Attorney General Opinion WW-254 (1957). The Dallas County Law Library, in our opinion, may be established, operated and maintained anywhere within the City of Dallas so long as it is "in a place convenient and accessible to the Judges and litigants of such county." V.T.C.S. art. 1702h, S 7.

We think the statute permits the commissioners court to establish branches of the law library elsewhere in the county so long as such branches are not in lieu of the county law library in the county seat.

In Attorney General Opinion O-3055 (1941) Attorney General Gerald Mann considered the application of a statute that required the county free

library, established pursuant to article 1677, V.T.C.S., to be located at suitable quarters within the county seat. In relating the statutory requirement to a proposal that a county bookmobile be operated for use in a part of the county other than the town serving as the county seat, the opinion concluded:

> We do not think that the Commissioners' Court of any county has the authority to expend funds for establishing, maintaining and operating a 'bookmobile library' in lieu of the regular county library which is to be established at the county seat. However, if the county has established, and is maintaining and operating a county free library at the county seat of such county, then we think the Commissioners' Court is authorized to expend funds for establishing, maintaining and operating a 'bookmobile library' as a branch or subdivision thereof.

See also Dancy v. Davidson, 183 S.W.2d 195 (Tex. Civ. App. — San Antonio 1944, writ ref'd); Attorney General Opinion O-6441 (1945). Cf. Attorney General Opinion O-3890 (1941) ("bookmobile" not a permanent improvement).

In our opinion, this statute empowers the commissioners court to establish a county law library for the benefit of judges and litigants of the county. When read with other statutes, it is broad enough to embrace the maintenance of branches in other locations within the county convenient and accessible to litigants, and to allow the loan of its materials to other libraries servicing such litigants, so long as a complete collection is maintained in a place at the county seat convenient and accessible to the judges of the county as well as to litigants.

## S U M M A R Y

> A county may maintain branches of its law library in various locations within the county for the convenience of litigants, and may loan law library materials to other libraries servicing such litigants, so long as a complete law library is operated in a place at the county seat convenient and accessible to the judges of the county as well as to litigants.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn